Bentley, J.
This is an action brought to reverse a judgment of the court *463 of common pleas in an action brought by Mr- Neubert, tore-cover damages against the city for injuries which he claimed his property on Lenk street had received by a change in the ■grade of that street. The facts, as they appear on the record, and which are practically undisputed, may be briefly stated as follows: .
. This Lenk street, now called Park avenue, I believe, was laid out and opened as a street somewhere about 1865 or 1866. After it had been laid out as a street, but before any improvements, to any extent, had been made upon it by the city, Mr. Neubert, who owned a lot upon the corner of Lenk street and Tecumseh street, erected certain buildings upon the lot, which have remained until the present time. One building fronted •on Tecumseh street, and its side exposure was on Lenk street, and it had a door opening on Lenk street. In 1890 the council of the city passed the necessary resolution causing Lenk street to be graded, and. among other plaees, in front of this lot in question. By this grading the road was cut down on Lenk street by the side of this lot, from one foot to eighteen inches, and that is the injury which plaintiff complains of. He says that in due time, when the city determined to make this improvement, he presented his claim for damages, but the •city afterwards refused to take the steps necessary to ascertain the amount of his damages, and in fact refused to allow his claim.* Thereupon he brings this suit, and he claims in the action, that when he constructed his building, about 1867, he did it with reference to a future reasonable grade which might be established by the .city, ou Lenk street, and that he conformed his building to such anticipated reasonable grade, and that the street remained in such condition that the building fairly conformed to this grade for a great number of years; in ■fact from the time that the building was built until 1890., when ■this recent legislation was passed. Now, he claims that although the city, in fact, by affirmative action, by the way of ■ordinance or resolution, or anything of that kind, never established a grade prior to 1890, yet it recognized the actual *464 grade of the street during all the years intervening between-1890 and the time plaintiff built his building, and that in such ease it was not necessary, in order that a grade be established! in law by the city, that an ordinance be passed ; and the plaintiff says that as he built his building with reference to a future reasonable grade, and his anticipations were corred, and this-grade was, by' sufferance, established, the interference afterwards by the city should have the same effect as if the city had established the grade by ordinance and afterwards changed it; and he offered proof in furtherance of this claim, to make-out his case as.he was thus claiming it, and certain of the testimony was rejected by the court, and he took exceptions to-the ruling. That testimony was offered as to the action which the city had taken from time to time prior to 1890, touching-the improvement and use of Lenk street. He thereby sought to show that the city, after he had erected his building, treated the then present grade of the street as being an established grade, leading plaintiff and others to believe that it would not be disturbed, and therefore, by these long years of user, the-grade was in fact sufficiently established in law. The court-having rejected this testimony, he claims it was in error. This-question, in different forms, is presented in various places in the-record, but essentially the question presented for this court todeterminéis, whether or not, by user, under those circumstances,, with the street in that condition, after the building was built,, á grade is established so that upon the adoption of any subsequent grade by the city, by ordinance, in the reasonable exercise of the city’s-authority, a proper foundation for a claim, for damages upon the part of the plaintiff is laid.
- Our attention is called to quite a number of adjudications in this state, but as being riiore especially applicable to this state of affairs, the 34 Ohio St. is cited. It is the case of Akron v. Chamberlain, and the syllabus of the case is as follows :
1. The'owner of a lot abutting on an unimproved'street of a city ór village, in erecting buildings thereon, assumes the *465 risk of all damage which may result from the subsequent grading and improvement of the street by the municipal authorities, if made within the reasonable exercise of their power.
2. The liability of a municipality for injufy to buildings or abutting lots exists only where such buildings were erected with reference to a grade actually established, either by ordinance or such improvement of the street as fairly indicated that the grade was permanently fixed, and the damage resulted from a change of such grade, or, where the buildings, if erected before a grade was so established, were injured by the subsequent establishment of an unreasonable grade. ’
3. Whether a grade be unreasonable or not, must be determined by the circumstances existing at the time the grade was established, and not by the circumstances existing at the time abutting lots may have been improved.
4. Within the principle of municipal liability, as above stated, is the case where a lot is improved in anticipation of and with reference to a reasonable future grade, which is afterwards established, and damages result from a subsequent change in the grade.
Judge McIlvaine delivered the opinion in that case, and in the course of the opinion, he says :
“We are unanimously of the opinion that if the subsequent grade in such case be reasonable, or, in other words, if it be ■established in the reasonable exercise of the authority conferred on the municipality, at the time it is made, then such grade should have been anticipated by the owner of the adjacent lot, and his improvements should have been made with reference thereto. Whatever latitude there may be in the exercise of discretion in fixing the grade of a street is lodged in the municipal authorities, and not in the adjacent lot owners.
“While we recognize the general rule to be that no liability on the part of a municipality for injury to abutting property by reason of the improvement of a street exists where such improvement is properly made, yet this rule is subject, as we have seen, to the exception that where abutting property is improved with reference to an existing street, so graded or. improved, under the authority of the public agents' having the •control thereof, as to indicate, fairly and reasonably, permanency in the character of the street improvement, a liability .is *466 cast- upon .the city or village for-the injuries resulting-from subsequent changes. .
“And it would seem to follow as a logical sequence, that if before a permanent grade is thus established, the owrner of an abutting lot improves'the same with reference to a reasonable grade to be established in the future, and his anticipations are realized in the subsequent establishment of the grade, he should thereafter, in respect to such improvement, be entitled to enjoy the same right in the grade of the street, which was thus fairly and reasonably anticipated, as if he had improved his lot after the grade had been so -established. Surely the rights of such a lot-owner are equal to those of one who improves his lot after the grade was established.”
Upon this paragraph of the opinion hangs the hope of the plaintiff in this matter. Whether his case comes fairly under that holding of the Supreme Court, is the question before us. It will be noticed that in his petition he does not aver that he built this building after the grade of the street had been thus, by user, fixed ; he built before, but, as he says, in anticipation of such a fixing of the grade, and in his petition is this paragraph :
“ On the eighth day of August, 1867, Lenk street, from Nebraska-avenue to Swan creek, was laid out and dedicated to, and accepted by the city of Toledo, as a public street in said city, and: that the same has ever since continued to be one of the public.and trayeled streets thereof. That during all of the said time until matters and things took place as herein set forth, said street had a well known and established grade, to which the city had worked, and improved said street, and to which grade the residents and owners of property on said street had, exercising reasonable care and foresight, conformed their buildings.and improvements, which they, including the plaintiff, built and constructed from time to time, upon said premises bounding and abutting on said street.”
In that part of the petition, it will be seen that he charges that this condition ,of the grade of the street existed at the time that.he built.Fis b.uilding, as he says that from, the time that the street-was- opened, all along until 189Ó, the grade bad been established; and it follows, of course,'that his claim *467 would be that he built his building after the grade had been established. But, on the third page of the petition it is said :
“And plaintiff says, previously to the making of said improvement, he had improved his property by building and constructing lasting and valuable improvements and buildings thereon, and that in building and constructing the same, he had used ordinary and reasonable care and foresight in the anticipation of any reasonable grade which the said city might thereafter adopt as the grade of said street. That in the making of said improvement, the grade of said street was permanently changed from the long used, established and reasonable grade,” etc.
In this part of his petition it would seem that’he does not count upon the fact that he built his building when the city had, by user through many years, in fact established the grade there, but that he built his building before the grade had been established, and in anticipation of a reasonable grade thereafter to be established; and the record would seem to indicate that this latter part of his petition embodies the real claim which he seeks to make upon the facts of the case. And the question is whether a grade established by user in that way would bring him under this rule of the 34 Ohio St.
Now, the farthest that the Supreme Court has gone in this direction is embodied in what I have read from this authority, and it will be seen that there the reference is made to an absolute affirmatively established grade by the action of the city. The city never, in fact, established the grade in question by any action by way of ordinance; but the plaintiff claims that, having built his house with reference to the situation as it then was, although no grade had ever been made, the city had simply acquiesced in leaving the street in that condition, not being yet, perhaps, ready to improve it or grade it in any other way, and, in the course of years, had put sewers in it, which perhaps would not necessarily determine the grade or indicate the city’s idea about the grade; but that it had also ordered sidewalks to be built upon it, and in various ways had recognized the then existing condition of the street. *468 Now, that would be true as to any unimproved street that was opened in the city. The city necessarily, if it takes charge of a street, must in the course of years do something in regard to the improvements upon it; perhaps must provide it with sewers, and must build sidewalks — temporary or otherwise — upon it, and it must do these things until in the course of time it sees fit and proper to permanently fix the grade of the street. From all that is claimed here, it would seem that was exactly the situation of things in this street, and the city’s relation to it. If the plaintiff could maintain this action, then any person who had built upon his lot abutting on an unimproved street could maintain an action against the city, even if the city should, within a comparatively short time thereafter, permanently establish a grade by ordinance. If the city should allow a street to remain unimproved for a series of years, and the plaintiff’s claim is true, it would necessarily result that the city would be forbidden to change the grade of the street at any time, except by paying damages to the property owners.
We think that the language .used in 34 Ohio St. does not apply to the case of a grade that after a great lapse of time is thus claimed to be established by user; that in such a case the plaintiff must show that the grade which he anticipated was in fact established by some affirmative act of the city, and that a simple user through a long'period of years, would not amount to such an establishment. It would be difficult to ascertain, if the plaintiff’s view is correct, at what time the city might safely change the grade of a street. In the present case, the time involved happens to be twenty-two years; butit might have been fourteen years; it might have been ten.years; it might have been eight years, and it might have been any particular length of time, and the city, if it 'would improve, must take the chances, if the plaintiff’s claim is correct, whether or not a sufficiently long time had elapsed so that it might be said that it had acquiesced too long in an ungraded condition of a street to allow it to change its surface.
E. P. Raymond, for plaintiff.
C. W. Wotts, City Solicitor.
We think the view expressed by the court of common pleas in ruling upon these questions made, to be the correct view, and while it is a matter of some difficulty, and requires close attention, we think the true rule that is intended to be laid down and recognized by the Supreme Court is as stated.
The judgment of the court of common pleas will therefore be affirmed.