## CLOYD v CUYAHOGA FALLS (city)

Ohio Appeals, 9th Dist, Summit Co

No. 1943.   Decided Dec 11, 1931

Motz & Morris, Cuyahoga Falls, for Cloyd.
Bruce W. Bierce, City Solicitor, Akron, for City of Cuyahoga Falls.

WASHBURN, J.

The Common Pleas Court rendered judgment for the city, and we are of the opinion that it was not error to do so.

We think that the cases in Ohio bearing on the subject justify the statement that, in a municipal corporation, an abutting owner's right to lateral support in a street duly dedicated by his predecessors in title, is but an element of his general right in the street as an abutting owner, and is subject to the right of the city to grade and improve the street, and that if the city, pursuant to law and without malice or negligence, destroys such lateral support in grading and improving such dedicated street, it is liable to said owner only when, under the established law of the state, it is liable for a change of grade or the establishment of an unreasonable grade.

In **City of Akron v Huber, 78 Oh St, 372,** as is fully shown by the original petition and record of the case, and as referred to by the Supreme Court in the statement of the case, a part of the claim of Huber was for damages for withdrawal of lateral support; and in disposing of the case the Supreme Court declared:

"The doctrine recognized in this state respecting the liability of a municipality for injuries to improved abutting property resulting from changes in grades of streets does not extend such liability to a case in which no grade has been established prior to the improvement of the property and where the grade subsequently established is not unreasonable.   (**The City of Akron v The Chamberlain Company, 34 Oh St 328,** approved and followed.)"

In the case of Chambers v City of Akron, decided by this court on April 9, 1913, the question of liability for withdrawal of lateral support was not only presented but that was the only question presented and de-

cided. The record in that case discloses that no claim was made that there was a change of an established grade, and that the claim made was that the grade established was an unreasonable one; the jury, in answer to an interrogatory, found that the grade was not unreasonable but found damages for the withdrawal of lateral support, the trial court having instructed the jury that damages could be assessed for withdrawal of lateral support although the grade was a reasonable one; upon review this court held that it was error to so charge and that there could be no recovery for withdrawal of lateral support if there was no change of an established grade and the grade of the improvement was a reasonable one.

That case, which presented only the question which is before us for decision in the instant case, was taken to the Supreme Court, and there the judgment of this court, denying the right of the abutting owner to recover for withdrawal of lateral support, was specifically "affirmed on authority of **Crawford v Village of Delaware,** 7 Oh St 460, and **City of Akron v Huber,** 78 Oh St 372."

We do not regard the case of **Keating v Cincinnati,** 38 Oh St 141, as applicable.

The Keating case was not a change of grade case; the city was not improving an existing street but was establishing a street and was required to acquire, by appropriation or otherwise, all property taken by the improvement and pay for all damage done to property in making the improvement; the property of the plaintiff in that case was damaged; the plaintiff was not an abutting owner and his rights were not simply those of an abutting owner, and his right to lateral support was not in any way or to any extent subject to the right of the city to make the improvement; if the city desired to withdraw lateral support from his property which did not abut upon the improvement being made, it was its duty to acquire such right by condemnation or otherwise; and moreover, the record in that case showed that the city did not exercise due skill and care in making the improvement.

The case of **City of Columbus v Willard,** 7 O. C. C. 113, was a case of subjacent rather than lateral support, and the right to take away such support was not granted by the dedication of the street, nor did the improvement in any way involve the establishment or change of the grade of the street.

In the case at bar, it is conceded that the lateral support was withdrawn by the city in the grading of the street, which had been duly dedicated to the public by plaintiff's predecessors in title, and that the city acted legally and within the scope of its authority and without negligence or malice, and that there was no change of an established grade and that the grade established was not unreasonable, and we therefore hold that the city is not liable for withdrawing such lateral support.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur.