## CINCINNATI (city) v TRINKLE

Ohio Appeals, 1st Dist, Hamilton Co

No 4445.   Decided Feb 19, 1934

John D. Ellis, City Solicitor, Cincinnati, and Francis T. Bartlett, Assistant City Solicitor, Cincinnati, for plaintiff in error.

Frank W. Bowman, Cincinnati, for defendant in error.

### OPINION

By ROSS, J.

It is contended that the petition fails to charge negligence and states no cause of action.  Certainly the utmost leniency must be extended to construe a charge of negligence in the petition.  However, granting the petition may be considered to state facts amounting to an allegation of negligence, the judgment must be reversed for the reason that the court failed to state such issue, if it was alleged, to the jury.

The law in Ohio is well settled that although one may recover for damages to his land by reason of the removal of lateral support without proof of negligence, that in order to recover for damages to buildings paced upon the land from which the lateral support has been removed, negligence must be pleaded and proved.  1 R. C.L., 383, 384.  1 Ohio Juris., 420, 421, 422. **Keating v Cincinnati, 38 Oh St, 141.  City of Columbus v Jeager, 55 Oh St, 644.  Ohio Collieries Co. v Cocke, National Coal Co. v Goffee et, 107 Oh St, 238, 254.**

The court charged as follows:

"So the question for you to determine under the pleadings and the evidence is— Did the plaintiff sustain any damage or injury to his premises as the proximate result of defendant interfering with the lateral support of plaintiff's premises? If so, what is the amount that will govern your verdict in the event you find a verdict for plaintiff?

"The burden of proof is on the plaintiff to establish by a preponderance of the evidence that his premises have been damaged or depreciated or lessened in value as the proximate reuslt of the act of the City of Cincinnati, the defendant, in removing or interfering with the lateral support of the premises of the plaintiff. Unless the plaintiff establishes that by a preponderance of the evidence your verdict must be for defendant. If the plaintiff establishes that by a preponderance of evidence then the plaintiff is entitled to a verdict, the measure of damages of which I will give you hereafter.

"Now, lateral support means the right of every owner of land to have his land in the condition in which it is naturally, without an adjoining owner interfering with that right. Because whenever land is in its natural condition and you remove part of it, the pressure of the upper part naturally interferes and causes a slide. That is called the right of a man not to have his lateral support interfered with."

The $4,000 awarded is far in excess of any possible damage to this land alone. We are unable to separate the amount stated in the verdict into damages for the land and buildings. If the petition, proof, and charge are confined solely to allegations affecting the land alone, then as stated the amount of the verdict is entirely out of proportion to the damage shown, if it is claimed that the petition, proof, and charge shall include damages for injury to the buildings, the issue of negligence was not properly presented to the jury.

We reverse the judgment and remand the case for a new trial.

HAMILTON, PJ, and CUSHING, J, concur.