## BELP v READING (city)

Ohio Appeals, 1st Dist., Hamilton Co.

Decided April 11, 1938

Fitzpatrick & Quane, Cincinnati, and John J. Rivers, Cincinnati, for appellant.

Herbert Barnhorn, Cincinnati, for appellee.

## OPINION

By ROSS, PJ.

This action was brought to secure compensation in damages-from the defendant for injury to the real estate of the plaintiff and to the improvements thereon, caused by the removal of lateral support of plaintiff's property.

Long prior to the acquisition of the property in question by the plaintiff a 50 foot street had been dedicated in front of such premises, by a predecessor in title of plaintiff.

For many years the street constituted nothing more than a mere path or trail. No grade had been established.

In 1930 the city improved the street by laying sewers, sidewalks, curbs, gutters, and a macadamized thoroughfare. The level of the street was so established as to cause a cut in front of the premises of the plaintiff, resulting in a perpendicular bank varying from 10 to 15 feet in height. The city erected a wall as a support to the bank, which in course of time gave way and broke into pieces. It was repaired, but again is crumbling and breaking, causing the plaintiff to fear that his land and improvements may be precipitated into the street. Such apprehension is justified by the "slip soil" character of the terrain.

There is no allegation or proof that the grade established by the making of the street is one which the plaintiff should not have reasonably anticipated would be established when the city took such action.

The case of the plaintiff is one containing a strong appeal to justice. His prop-erty is in serious danger and the value thereof has been largely impaired. It appears in a companion case that he had been assessed heavily for the very improvement which has proved his undoing. He must expend a considerable sum for the erection of a suitable retaining wall, or his property may be entirely ruined.

Is there no help for him under such circumstances?

It would appear from the consistent flow of decisions of the courts of this state that he has no cause of action, unless he can·show that the new original grade of the street was one which could not have been reasonably anticipated. He has neither alleged this nor offered proof thereof.

The city was under no obligation to erect the wall—or having erected it, to keep it in repair.

The authorities hereinafter cited develop the following principles of law:

1. The improvement of a street by a city is done in the exercise of its governmental function.

2. It is not liable for negligence in such undertaking.

3. It does not owe any duty of lateral support when excavating in the construction of the street.

4. It is only liable for damages caused by the establishment of an original grade, when the level thereof could not have been reasonably anticipated by the abutting property owners, or when a reasonable grade is changed.

The authorities supporting these principles are: City of Akron v Butler, 108 Oh St 122; City of Wooster v Arbenz, 116 Oh St 281; Village of Willard v McElligott, 121 Oh St 456; City of Akron v Huber, 78 Oh St 372; City of Akron v Chamberlain Co., 34 Oh St 328; Board of Education of Cincinnati v Volk, 72 Oh St 469; Columbus v Biblingmeier, 3 O.C.D. 698; Neubert v Toledo City, 6 O.C.D. 66; Taber v Bowling Green City, 7 C.C. (N.S.) 385; Cloyd v Cuyahoga Falls City, 41 Oh Ap 283 (11 Abs 76).

The case of Cincinnati City v Trinkle, (17 Abs 223), decided by this court, is cited in support of the plaintiff's right to recover. The facts in that case developed that the city was acting in a purely proprietary capacity, erecting rapid transit tubes upon leased premises. No governmental function was involved.

It is our conclusion, therefore, in the absence of legislative relief, the common law furnishes no remedy for the damages to

## 620

the property of the plaintiff, now existing or imminent.

The judgment is affirmed.

HAMILTON and MATTHEWS, JJ, concur.